UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SALEEM R. WILLIAMS,

               Plaintiff,          **MEMORANDUM & ORDER**
                                                 25-CV-5482 (PKC) (SDE)
   - against -                    25-CV-5491 (PKC) (SDE)
                                                   25-CV-5494 (PKC) (SDE)

CITY OF NEW YORK, *et al.*,

               Defendants.
----------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      On September 30, 2025, Plaintiff Saleem R. Williams, proceeding *pro se*, filed these three actions pursuant to 42 U.S.C. § 1983, each against the City of New York ("City") among other Defendants,[1] based on events that allegedly occurred on August 30, 2024; October 25, 2024; and April 14, 2025. (No. 25-CV-5494, Compl., Dkt. 1; No. 25-CV-5482, Compl., Dkt. 1; No. 25-CV-5491, Compl., Dkt. 1.) In each case, Plaintiff has requested to proceed *in forma pauperis* ("IFP").[2] (IFP Mot., Dkt. 2.) However, each of Plaintiff's IFP applications is incomplete. (*Id.*) Thus, Plaintiff's requests to proceed IFP are denied at this time, and he is granted 30 days from the date of entry of this Order to submit a Long Form IFP application (AO 239) or pay the filing fees.

---

[1] In addition to the City, Plaintiff names the following Defendants: In No. 25-CV-5482, the New York City Department of Sanitation, the New York City Police Department ("NYPD"), and John/Jane Does 1–10; in No. 25-CV-5491, the NYPD, NYPD Officers "Pal" and "Colon," and an Unnamed Sergeant; and in No. 25-CV-5495, the NYPD, NYPD Officer "Tyler Calhoun," and John/Jane Does 1–10.

[2] Plaintiff submitted the same IFP application in each of his three cases. The Court will refer to each as "IFP Mot., Dkt. 2."

## DISCUSSION

The filing fee to commence a civil action is $350, with an additional administrative fee of $55, for a total fee of $405. 28 U.S.C. § 1914; U.S. District Court Fees (Dec. 1, 2023), https://img.nyed.uscourts.gov/files/local_rules/fees12012023.pdf. However, a court may waive filing fees upon finding that a plaintiff is unable to pay such fees and authorizing the plaintiff to proceed IFP. 28 U.S.C. § 1915 ("Section 1915"). A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). They must also include "a statement of all assets" they possess. *Id.*

Section 1915 is designed to ensure "that indigent persons have equal access to the judicial system." *Davis v. NYC Dep't of Educ.*, No. 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010). "A litigant need not be 'absolutely destitute' to qualify for [IFP] status but need demonstrate only that they 'cannot because of [their] poverty pay or give security for the costs and still be able to provide [themselves] and dependents with the necessities of life.'" *Rosa v. Doe*, 86 F.4th 1001, 1005 (2d Cir. 2023) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

"Determining whether an applicant qualifies for IFP status is within the discretion of the district court." *Harris v. DEA Agents*, No. 2:24-CV-8863 (NJC) (LGD), 2025 WL 746043, at *1 (E.D.N.Y. Mar. 7, 2025) (citing *Rosa*, 86 F. 4th at 1007 (explaining that IFP application denials are reviewed for abuse of discretion)). However, the Court must dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A); *Miller v. Smith*, No. 21-CV-2949 (JS), 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Eng'rs*, No. 21-CV-1901 (RPK), 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021).

Here, Plaintiff's IFP applications are incomplete. Plaintiff's financial declaration indicates that he has no assets or income. (IFP Mot., Dkt. 2, at ECF[3] 1–2.) Plaintiff writes "N/A" or "No" in the sections of the application form calling for him to provide income from employment or other sources. (*Id.*) However, Plaintiff does not explain how he supports himself. "[A]ffidavits asserting that the plaintiff has no income and no assets *without further explanation* [are] 'incomplete and, by extension, fail to support [IFP] status.'" *Jones v. ACS/Queens Field Off.*, No. 23-CV-5742 (EK) (LB), 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024) (quoting *Amanda M. v. Kijakazi*, No. 22-CV-0353, 2022 WL 1395941, at *1 (D. Conn. Apr. 29, 2022)). Plaintiff also indicates that he pays rent, utilities and child support for three dependents, but does not provide the amount he pays for each and the source of income to meet those obligations. (*See* IFP Mot., Dkt. 2, at ECF 2.)

Additionally, one of Plaintiff's complaints states that he owns a recreational vehicle, or at least that he owned the vehicle on August 30, 2024. (*See* No. 25-CV-5482, Compl., Dkt. 1, at ECF 2.) Plaintiff wrote "N/A" in the section of the IFP application form asking him to disclose any automobile he owns and its approximate value. (IFP Mot., Dkt. 2, at ECF 2.) Similarly, another one of Plaintiff's complaints describes events transpiring outside of his "place of business" and "clientele" on April 14, 2025. (*See* No. 25-CV-5491, Compl., Dkt. 1, at ECF 4–5.) But Plaintiff checked "No" on the IFP application form when asked if he received income from any business, profession, or other self-employment in the last 12 months. (IFP Mot., Dkt. 2, at ECF 1.) While perhaps Plaintiff can explain these apparent discrepancies, the Court reminds Plaintiff

---

[3] "ECF" refers to the pagination generated by the CM/ECF system and not the document's internal pagination.

3

that the IFP application is a declaration made under penalty of perjury and that a false statement could result in the dismissal of his claims.

## CONCLUSION

Accordingly, Plaintiff's application to proceed IFP in each of these cases is denied without prejudice to renew. If Plaintiff wishes to proceed with these actions, he must, within thirty (30) days of the date of this Order, in each case, either: (1) pay the requisite filing fees to the Clerk of Court of the United States District Court for the Eastern District of New York; or (2) submit a complete Long Form IFP application (AO 239) that demonstrates indigency. The Long Form IFP application must not include the full names of any minor children, only initials.

If Plaintiff fails to comply with this Order within the time allowed or fails to show good cause for an extension of time, the Court shall dismiss these actions without prejudice. In any case in which Plaintiff pays the filing fee, the Clerk of Court shall issue a summons and Plaintiff must have the summons and complaint served on each defendant in that case in accordance with Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4. The Court certifies pursuant to Section 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies IFP status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with three Long Form IFP application forms, and note the mailing on the docket of each case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 14, 2025
      Brooklyn, New York